[No. 748.]

## THE STATE OF NEVADA EX REL. SAMUEL WAT-KINS, RELATOR, v. W. S. BONNIFIELD, DISTRICT JUDGE OF THE FOURTH JUDICIAL DISTRICT, RESPONDENT.

MANDAMUS—COSTS, HOW TAXED.—Where in an application for mandamus the circumstances were such as to induce a reasonable belief that respondent intended an evasion of duty, and where from respondent's return it appears that no evasion was intended, and it further appearing that respondent, after the service of the alternative writ, had performed his duty: *Held*, that the writ should be dismissed without costs to respondent, and as the proceeding was ancillary to relator's right of appeal in a criminal case, the costs must be taxed against the county.

THIS was an original application before the Supreme Court for a writ of mandamus to compel the respondent to settle and sign a bill of exceptions in the case of *The State of Nevada* v. *Samuel Watkins*. Among other things it appears from the petition of relator and the return thereto made by respondent, that a bill of exceptions in said case was prepared by C. S. Varian, Esq., counsel for said Watkins, and by him presented to respondent for settlement on the first day of August, 1875; that at that time and for several days thereafter, respondent was engaged in preparing a statement of the evidence in the case of *The State of Nevada* v. *J. W. Rover*, wherein the defendant had been convicted of murder and sentenced to death, to be forwarded to the governor as the law required (Criminal Practice Act, Sec. 455); that the counsel for said Watkins left Winnemucca, the county seat of Humboldt County, before the fifth day of August, 1875, and took up his residence in Virginia City, Nevada; that about August 6, 1875, the respondent received a letter from said counsel and inferred therefrom that it was the desire of said counsel to be present when said bill of exceptions was examined by respondent; that respondent did not settle said bill of exceptions because he desired to afford counsel an opportunity to be present; that on the 14th day of August, A. D. 1875, the said C. S. Varian, counsel for said Watkins, addressed a letter from Virginia City, Nevada, to the respondent at

VOL. X.—26

Winnemucca, Nevada, informing respondent that he would leave for Winnemucca on the following day for the express purpose of having said bill of exceptions settled and signed; that respondent never received said letter; that said Varian arrived at Winnemucca on the 16th day of August, A. D. 1875; that respondent was then absent from Winnemucca on a hunting and fishing excursion; that said Varian remained at Winnemucca until the 3d day of September, 1875, without being able to see respondent.

The other facts material to the decision are stated in the opinion of the court.

*C. S. Varian,* for Relator.

*W. S. Bonnifield,* Respondent, *in propria persona.*

By the Court, EARLL, J.:

The relator was indicted and convicted in the district court of the fourth judicial district, county of Humboldt, for the crime of burglary, and this proceeding was instituted on his behalf to compel the respondent, as the judge of said court, to settle and sign his bill of exceptions taken during the progress of his trial. Upon the petition of relator, an alternative writ of mandate was granted, and upon its being served, the respondent immediately proceeded to examine, settle and sign the bill, and the return shows that he has fully complied with the commands of said writ; hence there is no necessity for further proceedings in that direction.

It is, however, insisted on the part of the relator that judgment for costs should be awarded against respondent. While the circumstances were such as to induce a reasonable belief on the part of the relator that respondent intended an evasion of the performance of a duty enjoined upon him by the statute, yet, from an examination of respondent's return to the writ, we are satisfied that no evasion of his duty was intended. The return shows that respondent never received the letter of August 14th which

was addressed to him from Virginia by the counsel for relator, and, therefore, was not aware that counsel intended to be at Winnemucca for the purpose of settling the bill of exceptions.

We are therefore of opinion that the proceedings should be dismissed without costs to respondent, and as this proceeding is ancillary to Watkins's right of appeal the costs must be taxed, as is usual in criminal cases, to the county.